Kieran Doyle (*pro hac vice forthcoming*)
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, New York 10036
212-790-9200

Richard L. Armezzani (PA ID 322804)
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, Pennsylvania 18503
570-342-6100

*Attorneys for Plaintiff Bogg Bag, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BOGG BAG, INC.,

        *Plaintiff*,

    v.

GREAT WOLF RESORTS, INC.,
GREAT WOLF LODGE OF THE
POCONOS, LLC, GREAT WOLF
RESORTS HOLDINGS INC., AND
GREAT WOLF RESORTS
INTERMEDIATE HOLDINGS, LLC.

        *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Bogg Bag, Inc. ("Plaintiff" or "Bogg"), by and through its

undersigned attorneys, for its Complaint against Defendants Great Wolf Resorts,

Inc., Great Wolf Lodge of the Poconos, LLC, Great Wolf Resorts Holdings Inc. and

Great Wolf Resorts Intermediate Holdings, LLC (collectively, "Defendants" or "Great Wolf") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for trademark counterfeiting, trademark infringement, trade dress infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and corresponding state law, to halt Defendants' violation of Plaintiff's valuable trademarks and trade dress, which are prominently used in connection with Plaintiff's popular BOGG Bag products.

## THE PARTIES

2. Plaintiff Bogg Bag, Inc. is a Delaware corporation with its principal place of business at 80 Seaview Drive, Secaucus, NJ 07094, engaged in the business of, among other things, designing, marketing, and selling tote bags to consumers.

3. Upon information and belief, Defendant Great Wolf Resorts, Inc. is a Delaware corporation with its principal place of business at 350 North Orleans Street, Chicago, Illinois 60654.

4. Upon information and belief, Defendant Great Wolf Lodge of the Poconos, LLC is a Delaware limited liability company with its principal place of business at 350 North Orleans Street, Chicago, Illinois 60654.

2

5. Upon information and belief, Defendant Great Wolf Resorts Holdings Inc. is a Delaware corporation with its principal place of business at 350 North Orleans Street, Chicago, Illinois 60654.

6. Upon information and belief, Defendant Great Wolf Resorts Intermediate Holdings, LLC is a Delaware limited liability company with its principal place of business at 350 North Orleans Street, Chicago, Illinois 60654.

7. Upon information and belief, Great Wolf owns and operates Great Wolf Lodge.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to principles of supplemental jurisdiction.

9. This Court has personal jurisdiction over Defendants because they offer or have offered the infringing and counterfeit products for sale in Pennsylvania and have committed tortious acts within Pennsylvania by advertising and offering for sale products in this jurisdiction using counterfeit and infringing trademarks and trade dress.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## NATURE OF THE ACTION

11.    Bogg brings this action for trademark and trade dress counterfeiting, trademark and trade dress infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and corresponding state law to halt Defendants' counterfeiting and infringement of Bogg's valuable trade dress.

## FACTS

### The Origin of BOGG Bag, Inc. and the BOGG Bag

12.    Kimberlee Vaccarella is the founder and CEO of Bogg and is solely responsible for the design of the BOGG bag.  She started her business in her home in 2008 while working full-time as the controller at a commercial real estate lender. After sketching out the look of the BOGG bag, Ms. Vaccarella visited a local craft store and purchased foam and other materials needed to create a prototype of the BOGG bag.  Next, she researched manufacturing methods and learned that the bags she designed and envisioned could be manufactured through an injection mold process.  With her prototype in hand, she next sought out a manufacturer, paid for the tooling of an injection mold and placed an order with a factory for a sample bag. The sample arrived while Ms. Vaccarella was working at the commercial real estate lender.  Her husband called her to come home right away to see "the coolest thing [he had] ever seen."

4

13.    When she arrived home, she saw on her dining room table her vision realized – the BOGG bag, which has maintained its distinctive look ever since.

14.    Ms. Vaccarella ordered from the factory 300 units of the BOGG bag which she sold through a boutique in her hometown of Ridgewood, New Jersey.

15.    Though the first shipment of BOGG bags received an enthusiastic reception, Ms. Vaccarella faced many challenges scaling up production and distribution.

16.    It was not until 2016 that Bogg turned a small profit, which was reinvested into the business, and not until 2018 that Ms. Vaccarella drew a salary from Bogg.  And it was not until 2018 that Ms. Vaccarella felt secure enough to leave her accounting job, rely on the public service salary of her husband to support their family of four and commit herself to the BOGG bag full time.

**Bogg's Marks**

17.    Since 2011, Bogg has designed, produced, marketed, and sold its famous BOGG Bags using the word mark BOGG (the "BOGG Word Mark").

18.    Since 2011, Bogg has designed, produced, marketed, and sold its famous BOGG Bags using Bogg's stylized "b" mark shown below ("Bogg's Stylized b Mark"):

19.    Since 2011, Bogg has used the stylized mark shown below ("Bogg's Stylized bogg Mark") on and in connection with its BOGG Bags:

bogg

20.    Since 2011, Bogg has designed, produced, marketed, and sold its famous BOGG Bags using the BOGG Word Mark, Bogg's Stylized b Mark, Bogg's Stylized Bogg Mark and featuring a now well-known trade dress (the "BOGG Trade Dress") that has come to signify Bogg as the source of these popular and high-quality bags.  An image of one of Bogg's BOGG Bags featuring the BOGG Trade Dress, the BOGG Word Mark, Bogg's Stylized b Mark, and Bogg's Stylized bogg Mark appears below:



21.     The BOGG Trade Dress comprises the overall look, design, and appearance of the bags and embraces multiple design elements that collectively have come to identify Bogg as the source of the bags, including the following:

- A rectangular shape formed of EVA foam, with rounded bottom corners;

- An arbitrary pattern of holes on the front and back faces of the bag;

- Belt-like looped EVA foam handles fastened to the front and back of the bag with shiny, circular buttons in a contrasting material and/or color;

- Parallel horizontal lines running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom of the bag; and

- An arbitrary pattern of zig zag protruding lines running along the bottom surface of the bag and up the rounded sides of the bag to the bottom parallel line noted above (the "Parallel Zig Zag Lines Mark").

22.     The BOGG Trade Dress is non-functional and represents a series of creative design choices.  There are many ways to create an EVA foam tote bag that do not use the same overall elements, patterns and arbitrary features.

23.     Over the past 15 years, Bogg has sold its popular BOGG Bags internationally and across the United Stated through over 5,000 stores.  Moreover,

7

Bogg has widely promoted and sold its BOGG Bags through Bogg's website at https://BOGGbag.com.

24.    Bogg's BOGG Bag has become so popular and is so well regarded that it has been featured in magazines including Better Homes and Gardens, Coastal Living, Country Living and more, and on Good Morning America, CNBC, and Bloomberg.

25.    As a result of this longtime use and widespread public and media attention and praise, the BOGG Trade Dress serves as a powerful source identifier for Bogg and has acquired significant secondary meaning among the consuming public, which uses the BOGG Trade Dress to identify BOGG Bags and their source in the marketplace.  That is, consumers encountering Bogg's BOGG Bags featuring the BOGG Trade Dress identify that bag with a single source – Bogg.

26.    Bogg has also made extensive use of the BOGG Trade Dress in advertising and promoting its BOGG Bags, with advertising and promotions featuring the BOGG Trade Dress on Bogg's social media accounts, through which Bogg has hundreds of thousands of followers.

27.    Just a few examples of social media posts drawing consumer attention to the appearance of the BOGG Bags and the BOGG Trade Dress appear below:







28.     Bogg owns trademark registrations for its marks and trade dress, including but not limited to:

- United States Trademark Registration No. 4300610 (the "Registered BOGG Word Mark") for the BOGG Word Mark and covering "Bags, namely, all-purpose carrying bags, tote bags, wine bags with handles for carrying or holding wine; Decorative accessories for bags, namely, non-metal ornaments for bags " in Class 18.

- United States Trademark Registration No. 7377657 (the "Registered Stylized b Mark") for Bogg's Stylized b Mark and covering "Bags, namely, all-purpose carrying bags, tote bags" in Class 18 including as shown below:



- United States Trademark Registration Number 7,209,812 (The "Registered Trade Dress") covering "Bags, namely, all-purpose carrying bags, tote bags, wine bags with handles for carrying or holding wine" in Class 18, which is valid, subsisting, and in full force and effect and which grants Bogg exclusive rights in certain aspects of the BOGG Trade Dress namely:

  (a)    the horizontal line running the circumference of the top hem;

  (b)    the horizontal line running the circumference of the base;

  (c)    the semi-rigid synthetic base with round corners; and

  (d)    the raised pattern of four zig zag lines when viewed in profile as well as a repeating series of short diagonal lines to the side of the zig zag lines, as shown below:



11

29.    United States Registration No. 7,209,811 (the "Registered Parallel Zig-Zag Lines Trademark") for the Parallel Zig Zag Lines Mark covering "bags, namely, all-purpose carrying bags, tote bags, wine bags with handles for carrying or holding wine; cosmetic bags sold empty; toiletry bags sold empty" in Class 18 including as shown below:



30.    Bogg's Trademark Registrations listed above are valid, subsisting, and in full force and effect.

31.    As a result of longtime use and widespread public and media attention and praise, the Registered Trade Dress serves as a powerful source identifier for Bogg and has acquired significant secondary meaning among the consuming public, which uses the Registered Trade Dress to identify BOGG Bags and their source in the marketplace.  That is, consumers encountering Bogg's BOGG Bags featuring the Registered Trade Dress identify that bag with a single source – Bogg.

12

32.    The Registered Trade Dress is non-functional and represents a series of creative design choices.  There are many ways to create an EVA foam tote bag that do not use the same combination of elements, patterns and arbitrary features.

33.    Since at least 2011, Bogg and its assignors and/or predecessors in interest have expended considerable time, resources, and effort promoting the BOGG Word Mark, Bogg Stylized b Mark, Stylized BOGG Mark, Bogg Trade Dress and Registered Trade Dress.

34.    Since 2011, Bogg's BOGG Bags have been a huge commercial success, with 2021 sales exceeding $20 million, 2022 sales exceeding $47 million, 2023 sales exceeding $54 million, 2024 sales exceeding $100 million, and 2025 sales approaching $200 million.  Every consumer exposed to the BOGG Bags is exposed to the BOGG Trade Dress.

35.    Bogg's BOGG Bags are distributed, sold, marketed, and promoted through a wide variety of trade channels, including retail stores, wholesale, and internet sales nationwide.

36.    In addition to the BOGG Bags, Bogg offers a range of decorative accessories designed specifically to attach to and be used in combination with Bogg's authentic BOGG bags (the "Bogg Decorative Accessories").  The Bogg Decorative Accessories are marketed, sold, and promoted as coordinated

components of BOGG Bags and further reinforce the association between BOGG Bags, Bogg Trade Dress and Registered Trade Dress.

37.    As a result of the enormous commercial success of the BOGG Bags and years of promotion of the BOGG Trade Dress, Bogg's Registered Trade Dress, Bogg's Stylized b Mark, the Registered Stylized b Mark, Parallel Zig-Zag Lines Mark, the Registered Parallel Zig-Zag Lines Trademark, the BOGG Word Mark, and the Registered BOGG Word Mark in connection with such a popular product, the BOGG Trade Dress, Bogg's Registered Trade Dress, Bogg's Stylized b Mark, the Registered Stylized b Mark, the Parallel Zig-Zag Lines Mark, the Registered Parallel Zig-Zag Lines Trademark, the BOGG Word Mark, and the Registered BOGG Word Mark (collectively, "Bogg's Marks") have become extremely well-known to consumers as unique source identifiers that identify bags of the highest quality, originating with Bogg.  As such, Bogg's Marks have developed substantial goodwill symbolizing intellectual property of tremendous value to Bogg.

38.    Bogg actively monitors the marketplace in order to enforce its rights against third-party infringers of its intellectual property.

**<u>Great Wolf's Infringement and Counterfeiting of Bogg's Marks</u>**

39.    Great Wolf, without authorization from Bogg, has manufactured and has offered or is offering for sale copycat bags that are identical to or substantially

14

indistinguishable from Bogg's Registered Trade Dress and Registered Parallel Zig-Zag Lines Trademark (the "Counterfeit Bags").

40.    Upon information and belief, Great Wolf deliberately copied the BOGG Bag when creating the Counterfeit Bags.

41.    In or about July 2025, Plaintiff learned that Great Wolf was offering for sale copycat BOGG Bags at Defendant's Pocono Mountains retail store (the "Great Wolf Store") located in Pennsylvania.

42.    On or about July 23, 2025, counsel for Bogg sent Great Wolf a cease and desist letter, alleging that Great Wolf was engaging in trademark infringement, dilution, and counterfeiting, by offering bags that were substantially indistinguishable from Bogg's BOGG Bags and trade dress, including but not limited to the bag shown below displayed at the Great Wolf Store:



43.    Upon information and belief, Great Wolf commonly uses the acronym "GWL" to refer to "Great Wolf Lodge" and below is an image of a hangtag attached

to one of the Counterfeit Bags sold at "GWL Poconos" under the name "Large EVA

Bag."



44.    Below is an image of a genuine BOGG bag next to an image of one of

Great Wolf's Counterfeit Bags.

| Genuine Bogg Bag | Great Wolf's Counterfeit Bag |
|---|---|
|  | |

16



45.    Like genuine BOGG Bags, the Counterfeit Bag includes the following features of the Bogg Trade Dress:

- A body formed of EVA foam, with rounded bottom corners;

- An arbitrary pattern of round holes on the front and back faces of the bag that are identical to the hole placement on BOGG Bags;

- Belt-like looped handles, ostensibly made out of EVA foam and fastened to the front and back of the bag with round, shiny, white attachment mechanisms bearing a design element;

- A horizontal line running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom; and

- A parallel zig-zag pattern of protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag.

17

46.    Because the Counterfeit Bag copies the elements of the BOGG Bag and is identical to or substantially indistinguishable from the Bogg Bag, the Counterfeit Bag constitutes counterfeiting of Bogg's Registered Trade Dress and infringement of the BOGG Bag Trade Dress.

47.    Like the genuine BOGG Bag, the Counterfeit Bag features a parallel zig-zag lines mark identical to, or substantially indistinguishable from, the Registered Parallel Zig-Zag Lines Trademark, and for this reason, the Counterfeit Bags constitute counterfeits of the Registered Parallel Zig-Zag Lines Trademark and infringement of the Parallel Zig-Zag Lines Mark.

48.    Upon information and belief, Great Wolf also manufactures, markets, and sells decorative accessories that are intended for use with, and complementary to, the Counterfeit Bags.

49.    Below is an image of a genuine BOGG bag with one of the Bogg Decorative Accessories attached next to an image of one of Great Wolf's Counterfeit Bags with a decorative accessory similarly attached.

| Genuine Bogg Bag | Great Wolf's Counterfeit Bag |
|---|---|
|  | |

50.     Great Wolf's decorative accessories in conjunction with its Counterfeit Bags only serve to exacerbate the counterfeiting and infringement of Bogg's Registered Trade Dress and guarantee consumer confusion as to the source of the BOGG Bags.

51.     Upon information and belief, the Counterfeit Bags are marketed to the same classes of consumers as genuine BOGG Bags.

52.     Upon information and belief, the Counterfeit Bags are of significantly lower quality than the BOGG Bags.

53. Upon information and belief, Great Wolf intentionally and willfully copied the BOGG Trade Dress, Bogg's Registered Trade Dress, the Parallel Zig-Zag Lines Mark, and the Registered Parallel Zig-Zag Lines Trademark to draw upon and siphon off the goodwill and consumer recognition and popularity of genuine BOGG Bags.

54. Great Wolf's use of trade dress that is identical to, substantially indistinguishable from, or confusingly similar to the BOGG Trade Dress and Bogg's Registered Trade Dress and Great Wolf's use of a parallel zig-zag lines pattern identical to or substantially indistinguishable from the Bogg Zig-Zag Lines Mark and the Registered Parallel Zig-Zag Lines Trademark, are likely to cause confusion, mistake, and deception among consumers as to the source and origin of Bogg's BOGG Bags, and are likely to deceive the public into believing that Great Wolf's goods originate from, are associated with, or are authorized or licensed by the producers of the BOGG Bags, or that Great Wolf's goods are from the same source, all to the damage and detriment of Bogg's goodwill, reputation, and sales.

55. Upon information and belief, by virtue of its unlawful conduct, Great Wolf has and will continue to deprive Bogg of sales of the genuine BOGG Bag and has made or will make substantial profits and gains to which it is not in law or equity entitled.

20

56.    As a result of Great Wolf's actions, Bogg has been and will be damaged in an amount to be determined at trial.

57.    Great Wolf's unlawful activities have caused and will continue to cause irreparable harm and injury to Bogg and the reputation and goodwill associated with Bogg's Marks and Bogg's BOGG products.  Bogg has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting Under Section 32 of the Lanham Act)

58.    Bogg repeats and realleges the allegations set forth in Paragraphs 1 through 57 above as if set forth fully herein.

59.    Great Wolf has used spurious designations that are identical with, or substantially indistinguishable from, Bogg's Registered Trade Dress, and the Registered Parallel Zig-Zag Lines Mark for which Bogg owns federal trademark registrations.  Great Wolf has used these spurious designations in commerce in connection with the intended advertising, sale, offering for sale and/or distribution of Counterfeit Bags for its own financial gain.  Bogg has not authorized such use of Bogg's Registered Trade Dress or the Parallel Zig-Zag Registered Mark.

60.    Upon information and belief, at all relevant times, Great Wolf had actual and direct knowledge of Bogg's prior use and ownership in the United States of Bogg's Registered Trade Dress and the Registered Parallel Zig-Zag Lines Mark for which Bogg owns federal trademark registrations.  Great Wolf's conduct is thus

21

willful and reflects its intent to exploit the goodwill and brand recognition associated with Bogg's Registered Trade Dress and the Registered Parallel Zig-Zag Lines Mark.

61.    Great Wolf's acts as described herein constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under Section 32 of the Lanham Act)

62.    Bogg repeats and realleges the allegations set forth in Paragraphs 1 through 61 above as if set forth fully herein.

63.    Great Wolf's Counterfeit Bags use a trade dress that is confusingly similar to Bogg's Registered Trade Dress.

64.    Great Wolf's Counterfeit Bags use a zig-zag lines pattern that is confusingly similar to Bogg's Registered Parallel Zig-Zag Lines Trademark.

65.    The Counterfeit Bags offered by Great Wolf are confusingly similar to those offered by Bogg under the Registered Trade Dress and the Registered Parallel Zig-Zag Lines Trademark and are being offered to the same class of consumers.

66.    Great Wolf's use of Bogg's trade dress and zig-zag lines pattern is likely to confuse or deceive consumers into believing that Great Wolf's goods are connected with, sponsored by, licensed by, affiliated with, related to, or approved by Bogg, Bogg's goods, or both.

22

67.     Great Wolf's acts constitute infringement of Bogg's Registered Trade Dress and Bogg's Registered Parallel Zig-Zag Lines Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## THIRD CLAIM FOR RELIEF

### (Trade Dress and Trademark Infringement in Violation of Section 43(a) of the Lanham Act)

68.     Bogg repeats and realleges the allegations set forth in Paragraphs 1 through 67 above as if set forth fully herein.

69.     Great Wolf's use of, promotion, and sale of the Counterfeit Bags, as described above, constitutes trade dress infringement, trademark infringement, false designation of origin, and unfair competition all in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## FOURTH CLAIM FOR RELIEF

### (Violation of 73 P.S. § 201-2 et seq.)

70.     Bogg repeats and realleges the allegations set forth in Paragraphs 1 through 69 above as if set forth fully herein.

71.     Great Wolf's use, promotion, advertising, and sale of the Counterfeit Bags, as described above, appropriates for its own use the BOGG Trade Dress and Bogg's Parallel Zig-Zag Lines Mark, and the reputation and goodwill associated therewith, and constitutes unfair trade practices in violation of 73 P.S. § 201-2.

23

## FIFTH CLAIM FOR RELIEF

## (Common Law Unfair Competition)

72.    Bogg repeats and realleges the allegations set forth in Paragraphs 1 through 71 above as if set forth fully herein.

73.    Great Wolf's use of the BOGG Trade Dress and Bogg's Parallel Zig-Zag Lines Mark as described above constitutes unfair competition in violation of the common law of the Commonwealth of Pennsylvania.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Bogg Bag, Inc. respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

A.    Pursuant to 15 U.S.C. § 1116 and 73 P.S. § 201-2 *et seq.*, that Defendants, its agents, servants, employees, representatives, successors and assigns and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be preliminarily and permanently enjoined from (i) manufacturing, importing, selling or otherwise distributing the Counterfeit Bags; or (ii) using trade dress that is confusingly or deceptively similar to Plaintiff's BOGG Bag Trade Dress or Registered Trade Dress in connection with the sale, advertising or promotion of Defendants' goods;

B.    Pursuant to 15 U.S.C. § 1118, that Defendants deliver up for destruction all material (including, without limitation, all packaging, catalogs,

24

advertisements, promotional materials, brochures, signs, displays and/or stationary), within its possession, custody or control, either directly or indirectly, that uses the BOGG Bag Trade Dress or the Registered Trade Dress;

C.    Pursuant to 15 U.S.C. § 1116, that Defendants be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in Paragraphs A and B above;

D.    Pursuant to 15 U.S.C. § 1117, that Defendants be directed to account to Plaintiff for all gains, profits and advantages derived from its wrongful acts and to pay Plaintiff all damages sustained as a result of Defendants' unlawful conduct;

E.    Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendants the greater of three times the amount of Defendants' profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action;

F.    Pursuant to 73 P.S. § 201-2 *et seq.*, that Plaintiff recover from Defendants all damages directly or indirectly caused to Plaintiff by Defendants' unlawful practices, trebled;

G.    Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendants attorneys' fees and costs in this action; and

25

H.    That Plaintiff have such other and further relief as this Court may deem just, equitable and proper.

Dated: June 22, 2026

COWAN, LIEBOWITZ & LATMAN, P.C.
/s/ Kieran Doyle
Kieran Doyle (*pro hac vice forthcoming*)
114 West 47th Street
New York, New York 10036
(212) 790-9200
kgd@cll.com


MYERS, BRIER & KELLY, LLP

/s/ Richard L. Armezzani
Richard L. Armezzani (PA 322804)
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100
rarmezzani@mbklaw.com

*Attorneys for Plaintiff Bogg Bag, Inc.*