COWAN LIEBOWITZ & LATMAN

Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Kieran Doyle**
(212) 790-9261
kgd@cll.com

November 20, 2026

**<u>Via ECF</u>**

The Honorable Julia K. Munley
United States District Court
Middle District of Pennsylvania
235 N. Washington Ave.
Scranton, PA 18503

Re: *Bogg Bag, Inc. v. Great Wolf Resorts Holdings Inc. and Great Wolf Lodge of the Poconos*
Case No. 3:26-cv-01708

Dear Judge Munley:

The parties submit this joint status report pursuant to the Court's November 12, 2026 Order. On November 17, 2026, the parties conferred regarding the discovery dispute but were unable to come to a resolution. The below statements reflect the parties' respective positions regarding the dispute.

**Plaintiff's Statement**

Plaintiff requests that the Court direct the parties to hold a conference as required by Rule 26(f) of the Federal Rules of Civil . Plaintiff's counsel has been trying since October 21, 2026 to schedule a Rule 26(f) conference with Defendants' counsel. From October 21 until November 17 Defendants' counsel stated both by email and during a meet-and-confer call on November 4, 2026 that Defendants would not participate in a Rule 26(f) conference until the Court issues a Scheduling Order or holds a Rule 16 Conference. During the November 17, 2026 meet-and-confer, Defendants' counsel, for the first time, stated that it would not participate in a Rule 26(f) conference until the Court decides Defendants' motion to dismiss just one of Plaintiff's several claims.

This refusal to meet and confer under Rule 26(f) is an improper attempt to stay discovery which conflicts with the Court' preferences and the efficient adjudication of this matter. The Court's individual rules provide that "[t]he parties are encouraged to commence discovery, including initial disclosures, as early as practicable. The parties need not wait for the case management conference to begin discovery." Moreover, Defendants had moved to dismiss just one of Plaintiff's claims (*i.e.*, trademark counterfeiting). Even if such claim were out of the case, the trademark infringement claims would go forward and would warrant the exact same scope of discovery. There is not a single area of discovery warranted in a trademark counterfeiting case that is not warranted in a trademark infringement case and the efficient resolution of this matter favors the commencement of discovery.

Plaintiff respectfully requests that the Court schedule a telephone conference to resolve this impasse.

**Defendants' Statement**

Defendants are not refusing to hold a Rule 26(f) conference. They request only a short deferral of discovery until the Court decides their Motion to Dismiss Count I (Dkt. 24), which has been fully briefed for over three (3) weeks. Count I is the claim that matters most in this action. Counterfeiting alone carries the potential for treble damages, statutory damages, and attorneys' fees. The infringement claims will proceed either way, but dismissal would remove discovery into whether Defendants tried to pass off the accused bags as Plaintiff's bag and would substantially shrink financial discovery. Nothing requires haste with regard to discovery because Defendants stopped selling the subject product long before this lawsuit was filed, and the ruling on Defendants' Motion to Dismiss will help further settlement discussions. A short deferral will conserve the parties' and the Court's resources.

*No urgency.* Defendants voluntarily and quickly stopped selling the accused bags soon after learning of Plaintiff's asserted rights, more than a year ago and before Plaintiff filed suit. (Dkt. 27 at 5 n.4.) No alleged harm is ongoing, no evidence is at risk, and Plaintiff has not sought preliminary relief.

*Why discovery should await the ruling on Count I.* The Court has asked why discovery should not proceed on Plaintiff's other claims. The answer is proportionality. Rule 26(b)(1) limits discovery to what is "proportional to the needs of the case, considering . . . the amount in controversy, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Counterfeiting exposes a defendant to potential treble damages and attorneys' fees, 15 U.S.C. § 1117(b), and to statutory damages of up to $2,000,000 per counterfeit mark per type of goods, *id.* § 1117(c); ordinary infringement does not. With Count I in the case, Plaintiff will seek discovery sized to those remedies, including discovery into an alleged intent to pass off the accused bags as Plaintiff's bags. Without Count I, the case concerns a bag that Defendants sold only in their own resort stores, under their own GREAT WOLF LODGE mark and paw print logo. (Dkt. 27 at 5, 11.) Financial discovery would also narrow, because Defendants had no notice of Plaintiff's registrations until shortly before they stopped selling the accused bags, and infringement damages run only from notice. *See* 15 U.S.C. § 1111. The Third Circuit has drawn this line, affirming dismissal of a counterfeiting claim at the pleading stage while the infringement claim went forward. *Lontex Corp. v. Nike, Inc.*, 107 F.4th 139, 158–59 (3d Cir. 2024).

*The Court has authority to defer discovery here.* "[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). That discretion includes staying discovery while a motion to dismiss is pending. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001) (affirming stay of discovery entered while motion to dismiss was pending); *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (explaining that Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding" and that such motions "should typically 'be resolved before discovery begins'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989), and *Chudasama v. Mazda Motor Corp.*, 123 F.3d

1353, 1367 (11th Cir. 1997))). Rule 26(c) also lets the Court, for good cause, protect a party from "undue burden or expense" by specifying the timing of discovery. Fed. R. Civ. P. 26(c)(1)(B). A stay is proper "where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (quoting *Weisman v. Mediq, Inc.*, 1995 U.S. Dist. LEXIS 5900 (E.D. Pa.1995)). Here, that balance favors Defendants. A short delay cannot add to any alleged harm. *See Pfizer Inc. v. Johnson & Johnson*, 2018 U.S. Dist. LEXIS 31690, *4 (E.D. Pa. Feb. 28, 2018) (granting stay reasoning that "[w]hile Pfizer's interest in a speedy resolution weighs against granting the stay, the absence of a particularized harm to Pfizer reduces its weight."). And because the motion has been fully briefed since October 27, 2026 (Dkt. 29), the deferral will be brief and not prejudice Plaintiff. *See McLafferty v. Deutsche Lufthansa A.G.*, 2008 U.S. Dist. LEXIS 81627, *6 (E.D. Pa. Oct. 14, 2008) ("Defendants' motion to dismiss is fully briefed . . . . The delay experienced by Plaintiffs occasioned by a stay of discovery pending its resolution will do little to prejudice Plaintiffs at this point in the proceedings . . . . Indeed, delaying discovery until the Court can determine whether or not Plaintiffs have pled the facts necessary to proceed with the claim, may help to streamline the expensive discovery process, and, thereby, minimize the burden on counsel, parties and the Court.").

*Settlement.* Whether Plaintiff may pursue counterfeiting remedies is the largest variable in how each side values this case. A ruling will give the parties a common footing for settlement negotiations before either side incurs the significant cost and inconvenience of full discovery.

*Defendants will proceed as the Court directs.* If the Court concludes that discovery should begin now, Defendants will promptly hold the Rule 26(f) conference and proceed with discovery as the Court orders. However, Defendants respectfully submit that, in light of the above and the lack of any harm whatsoever to Plaintiff, it is in the best interests of all involved to await the Court's decision on the significant pending motion because resolution of same is likely to define the scope of reasonable, proportionate discovery and, in addition, will likely impact good faith settlement discussions regardless of how the motion is decided.

Sincerely,

Kieran Doyle
*Counsel for Bogg Bag, Inc.*

Respectfully submitted,

Heather M. Eichenbaum
Shane Brunner
Laura Konkel
*Counsel for Defendants*